# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALEYDA DEMENA,

        Plaintiff,

vs.

SMITH'S FOOD & DRUG CENTERS, INC.,

        Defendant.

Case No. 2:12-cv-00626-MMD-CWH

**ORDER**

This matter is before the Court on Plaintiff's Motion for Spoliation of Evidence (#10), filed on August 3, 2012. The Court also considered Defendant's Response (#12), filed August 20, 2012, and the parties' arguments made at a hearing held on August 30, 2012.

## BACKGROUND

On August 28, 2010, Plaintiff was in the produce department of Defendant grocery store when she allegedly slipped on a jalapeno pepper and fell to the ground. Assistant Store Director, Jason House ("House"), responded to the incident and Plaintiff completed an Incident Report before leaving with emergency medical personnel. House reviewed the video surveillance of the incident, but determined that he could not see the jalapeno on the floor.[1] He preserved approximately forty minutes of video - consisting of sixty-five seconds prior to the incident and about thirty-nine minutes after the incident - based on when Plaintiff entered and exited the camera range. Defendant's surveillance system is limited in storage capacity to approximately sixteen days. On October 15, 2010, forty-eight days after the incident, Plaintiff's attorney submitted a letter to Defendant's corporate headquarters instructing Defendant to preserve all relevant evidence. After being notified by Defense Counsel that Defendant did not preserve video for the entire day of

---

[1] The Court reviewed a copy of the approximately forty minutes of video surveillance provided by Defendant pursuant to Minute Order #15 issued on August 28, 2012.

the incident, Plaintiff filed this motion on August 3, 2012.

**DISCUSSION**

There are two sources of authority under which the Court can sanction a party for spoliation of evidence - its inherent authority or Rule 37. *Leon v. IDX Systems Corp.*, 464 F.3d 951, 958 (9th Cir.2006). Regardless of whether it is under Rule 37 or its inherent authority, a federal court applies federal law when addressing issues of spoliation of evidence.[2] *See Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993) (applying federal law when addressing spoliation in diversity litigation). Here, Plaintiff requests that the Court exercise its inherent authority to enter an order for (1) a rebuttable presumption or (2) an adverse inference jury instruction.

The Court has "inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." *Glover*, 6 F.3d at 1329. Such broad power includes permitting an adverse inference from the spoliation of relevant evidence against the spoliating party. *Id.* The Ninth Circuit has explained that the adverse inference sanction is based on evidentiary and policy rationales that seek to deter a party who has notice of an item's relevance to litigation from destroying it. *See Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991). A finding of bad faith is not a prerequisite for an adverse inference. *See Glover*, 6 F.3d at 1329.

Spoliation of evidence is defined as "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *United States v. Kitsap Physicians Service*, 314 F.3d 995, 1001 (9th Cir. 2002). Therefore, the duty to preserve begins when a party reasonably should have known that the

---

[2] Defendant's allegation that Plaintiff relies on state law for the spoliation standard is misleading. Plaintiff cites state law in defining the terms "rebuttable presumption" and "adverse inference." Federal law governs the imposition of spoliation sanctions because that constitutes an evidentiary matter. *See Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir.1993). However, state law is relevant to a determination of whether spoliation sanctions are warranted because it provides the standard for recovery in slip and fall actions, which includes defining constructive knowledge of the hazard. *See Heath v. Wal-Mart Stores East, LP*, 697 F.Supp.2d 1373, 1377 (N.D. Ga. 2010) (finding Defendant's failure to preserve more than eleven minutes prior to the slip and fall did not constitute spoliation because the video showed source of spill and fall). State law also provides guidance to federal courts in defining spoliation and the relevant factors, such as culpability. *Id.*

evidence is relevant to anticipated litigation. *See In re Napster*, 462 F.Supp.2d 1060, 1067 (N.D. Cal. 2006). Moreover, a spoliation remedy requires some degree of culpability. *Id.* at 1078. Consequently, to impose an adverse inference instruction, the court must find that (1) the spoliating party had an obligation to preserve the evidence; (2) the evidence was spoliated with a culpable state of mind; and (3) the evidence was relevant to the other party's claim in that a reasonable trier of fact could find that it would support that claim. *Id.*

### A. Sufficient Notice Triggering Duty to Preserve

Defendant argues that it did not have a legal duty to preserve video of the entire day until it received Plaintiff's October 15, 2010 letter. It highlights October 15, 2010 as an important date for two reasons. First, it is more than 16 days after the incident so video surveillance was destroyed as part of the normal course of business. Second, it was not until this date that the mere possibility of litigation transformed into the reality of litigation. The Court is not convinced by this argument. While all slip and fall incidents may not result in litigation, the incident report made at the scene by Plaintiff and employees, combined with the fact that Plaintiff was transported out of the store on a gurney, with the assistance of emergency medical personnel, are sufficient to trigger Defendant's duty to preserve relevant evidence. *See Aiello v. Kroger Co.*, 2010 WL 3522259, *3 (D. Nev. Sept. 1, 2010) (noting completing an accident report was sufficient to put Defendant on notice of potential litigation); *see also English v. Walmart*, 2011 WL 3496092 (D. Nev. Aug. 10, 2011) (finding Defendant did not breach its duty to preserve video footage because Plaintiff did not file an accident report at the scene and notice of litigation did not arise until three months later when Plaintiff's attorney requested the video). In contrast, Defendant in this case was on notice of potential litigation on the day that Plaintiff filed an incident report and was transported from the store by emergency medical personnel. Therefore, Defendant had sufficient notice on the date of the incident, August 28, 2010 that litigation was reasonably foreseeable, thereby triggering the duty to preserve video surveillance.

### B. Culpable State of Mind

Plaintiff must prove that Defendant had a culpable state of mind in destroying the video

surveillance prior to the incident. *See In re Napster*, 462 F.Supp.2d at 1078. Plaintiff seeks a rebuttable presumption or alternatively, an adverse inference jury instruction. To warrant a rebuttable presumption, Defendant must have willfully destroyed the evidence with intent to harm. *See, e.g., Bass-Davis v. Davis*, 134 P.3d 103 (Nev. 2006) (noting party seeking presumption's benefit has the burden of demonstrating that the evidence was destroyed with intent to harm). Plaintiff has not made any argument, and has presented no evidence, that Defendant willfully destroyed the video with intent to harm. As a result, Plaintiff has not carried its burden in demonstrating that a rebuttable presumption is warranted in this case. Further, Defendant preserved witness statements, photographs, the actual jalapeno pepper, and video from when Plaintiff first entered the area filmed until she exited. Without additional information, it does not appear that these actions are consistent with Defendant acting in a negligent or reckless manner that would warrant an adverse inference jury instruction. This is not a case where part of the video was destroyed after a request for the video was made. *See Aiello*, 2010 WL 3522259. Additionally, House has not been deposed so there is no evidence of his state of mind and Plaintiff presented no evidence regarding Defendant's company policies regarding the preservation of evidence.[3] Consequently, Plaintiff has not shown that Defendant's failure to preserve all possible video surveillance from the day of the incident rose to a culpable level. As such, Plaintiff has not established that Defendant acted negligently in deciding that the earlier footage was not relevant. Therefore, Plaintiff has not carried its burden of demonstrating that Defendant failed to preserve video surveillance prior to the incident with a culpable state of mind.

---

[3] In *Heath*, the Court considered the fact that there was a company policy in finding no culpability in Defendant's decision to retain the video starting at eleven minutes prior to Plaintiff's fall. 697 F. Supp.2d at 1378-79. In accordance with company policy, Defendant's employee reviewed the tape, determined the cause of the spill, and retained the portion of the video showing the spill and fall. *Id.* The Court indicated that Defendant did not act in malice to destroy the earlier portion of the video that may have shown an employee performing a safety check approximately twelve minutes prior to the accident. *Id.* The Court noted that there was no information available to either party at the time of the employee's review that indicated there was a need to retain a longer portion of the video.

**C. Relevance**

In slip and fall cases such as this one, actual or constructive notice of the dangerous condition is relevant on the question of Defendant's liability. Defendant concedes that it preserved video footage related to Plaintiff's fall because it believed it would be relevant to potential litigation. The more difficult question in this case is how much of the video surveillance was relevant and thus, should have been preserved to satisfy Defendant's duty. Only at its own risk does Defendant make a "unilateral decision" as to what evidence is relevant. *See Leon*, 464 F.3d at 956-957. At the hearing on this motion, however, Plaintiff was unable to articulate how much video surveillance prior to the incident is relevant. Plaintiff alleges that the video would show the jalapeno pepper being dropped while an employee of Defendant was in the area and failed to notice or clean it up. In response, Defendant contends that it is impossible to see the jalapeno pepper on the floor before the incident, and so any video footage prior to the fall is not relevant. Because the video is of poor quality, it is impossible to see whether a jalapeno, or any other similar item, is on the floor. Accordingly, the video which was destroyed would not tend to support Plaintiff's claim that Defendant was on notice of the jalapeno, at least on the basis that it can be seen in the video. Plaintiff has presented no other relevant uses of the video, for example, to disclose other pre-incident activities, which would tend to support her claim. Discovery in this matter is on-going, and Plaintiff may present other relevant uses for the deleted video that may require the Court to revisit the question of how much of the video is relevant.[4] At this point, however, Plaintiff has

---

[4] The Court notes that the Ninth Circuit has not established a bright-line rule governing what portion of video surveillance is relevant in slip and fall cases. There are two 10th Circuit cases that found that the district court did not abuse its discretion in declining to issue an adverse inference when a portion of the video surveillance was not preserved, but did not provide a bright-line rule. *Hatfield v. Wal-Mart Stores, Inc.*, 335 Fed.Appx. 796, 804 (10th Cir. 2009) (finding defendant employee's actions in reviewing video surveillance, observing that the fall was not captured, and not preserving video unrelated to the incident sufficient despite plaintiff's contention that the video prior to the fall might have provided evidence regarding defendant's monitoring of safety conditions); *Rowe v. Albertson's Inc.*, 178 Fed.Appx. 859 (10th Cir. 2006) (finding plaintiff did not demonstrate that the videotape was relevant to his claim where it did not show the fall or the liquid on the floor).

failed to provide information to support the claim that the pre-incident video is relevant.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Spoliation of Evidence (#10) is **denied without prejudice**.

DATED this 10th day of September, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**